UNITED STATES DISTRICT COURT JUDGE GETTLEMAN
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **MAGISTRATE JUDGE** GERALDINE SOAT BROWN |
| | ) | No. **12 CR 411** |
| v. | ) | |
| | ) | Violations: Title 18, United States |
| HAKEEM RASHID, | ) | Code, Sections 1341, 1344 and 2 |
| KAREEM BROUGHTON, | ) | |
| MARGUERITE ELISE DIXON-ROPER, | ) | **FILED** |
| aka ELISE DIXON, and | ) | |
| JADA ELAINE LUCAS, | ) | MAY 3 1 2012 |
| fka SOPHIA YOUSSEF | ) | |

**COUNT ONE**

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

The SPECIAL JANUARY 2012 GRAND JURY charges:

1.    At times material to this indictment:

a.    Defendant HAKEEM RASHID ("RASHID") was a licensed loan originator in the State of Illinois and employed at various times by two mortgage brokerage companies, Company A and 1st Regent Mortgage Funding, Inc. ("1st Regent"). Defendant RASHID also owned Hamaya Banco, Inc. and Hamaya Banco, LLC (together, "Hamaya Banco");

b.    Defendant KAREEM BROUGHTON ("BROUGHTON") was the owner of 1st Regent and The Broughton Group, Inc.;

c.    Defendants HAKEEM RASHID and KAREEM BROUGHTON owned R&B Property Management, LLC;

d.     Defendant MARGUERITE ELISE DIXON-ROPER, aka ELISE DIXON ("DIXON"), was an attorney licensed to practice law in the State of Illinois and was a partner at Law Firm B in Chicago, Illinois;

e.     Defendant JADA ELAINE LUCAS, fka SOPHIA YOUSSEF ("YOUSSEF"), was a loan processor employed by Company A and 1st Regent;

f.     Lenders including Wells Fargo Bank N.A., Washington Mutual Bank, First Franklin Financial Corporation, Carnegie Mortgage, LLC, Long Beach Mortgage Company, Fremont Investment & Loan, Silver State Financial Services, Inc., Countrywide Home Loans Servicing, Inc., Saxon Mortgage, Inc., The Mortgage Store Financial, Inc., Mortgage Investment Lending Associates, Inc., America's Wholesale Lender, Aurora Loan Services, LLC, Park National Bank, Countrywide Bank, FSB, and JP Morgan Chase Bank, N.A. (collectively, "lenders") made loans secured by mortgages and collected mortgage payments to satisfy those loans;

g.     Wells Fargo Bank N.A., Washington Mutual Bank, Fremont Investment & Loan, Park National Bank, Countrywide Bank, FSB, and JP Morgan Chase Bank, N.A. were financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC");

h.     Lenders required applicants for mortgage loans to provide truthful information, including information regarding the applicant's employment, income, assets, financial condition, real estate owned, rental income received, payment of earnest money,

2

source of down payment, disbursement of the loan proceeds, and intention to occupy the property to be purchased, as well as information concerning the sale price, value and condition of the property, which information was material to the approval, terms, and funding of the loan;

       i.     Lenders often sold the mortgage loans to other lenders and institutions ("successors"). Lenders disclosed that the mortgage loans could be sold and the likelihood that the mortgage loans would be sold. The information provided in loan applications and supporting documents, including the sales price of the property and the borrower's employment, income, assets, liabilities, source of down payment, and intention to occupy the property purchased, was material to the successors' decision to purchase the mortgage loans; and

       j.     A possession escrow agreement was used by buyers and sellers of residential real estate when it was likely that the seller would retain possession of the real estate after the closing date set forth in the real estate purchase and sale contract and provided that the seller of the property would set aside a certain amount of money in an escrow account, which money was to be paid to the buyer in the event that the seller did not deliver possession of the real estate at closing or another specified time.

2.     Beginning in or about 2005 and continuing until in or about May 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

HAKEEM RASHID,
KAREEM BROUGHTON,
MARGUERITE ELISE DIXON-ROPER, aka ELISE DIXON, and
JADA ELAINE LUCAS, fka SOPHIA YOUSSEF,

defendants herein, along with others known and unknown to the Grand Jury, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property from lenders by means of materially false and fraudulent pretenses, representations, and promises, which scheme affected financial institutions and is further described below.

3.     It was part of the scheme that from in or about 2005 until in or about May 2008, defendants HAKEEM RASHID, KAREEM BROUGHTON, ELISE DIXON, and SOPHIA YOUSSEF, and others known and unknown, fraudulently caused to be issued at least 35 mortgage loans in a total amount of at least $16.2 million from lenders by making materially false representations in documents submitted to lenders, including loan applications and HUD-1 settlement statements, concerning, among other things, the buyers' income, employment, financial condition, source of down payment, and intention to occupy the property.

4.     It was further part of the scheme that defendants HAKEEM RASHID, KAREEM BROUGHTON, ELISE DIXON, and others, recruited and caused to be recruited buyers to purchase properties, and facilitated buyers' purchases of properties, knowing that the buyers would be fraudulently qualified for mortgage loans, which properties included

4

1239 East 46th Street, 7207 South Oglesby, 6056 North Hermitage Avenue, 211 North LaCrosse Avenue, 213 North LaCrosse Avenue, 948 West Oakdale Avenue #4, 820 North Dearborn Street Unit B, 1415 North Dearborn Street Unit 3B, 1740 North Clark Street #1740, 6527-29 South Minerva Avenue Unit 1S, and 333 W. Hubbard Street, all in Chicago, Illinois, and 18612 Loras Court in Country Club Hills, Illinois.

5.     It was further part of the scheme that defendants HAKEEM RASHID, KAREEM BROUGHTON, ELISE DIXON, and SOPHIA YOUSSEF purchased properties and refinanced existing mortgage loans in their own names, knowing that they were fraudulently qualified for mortgage loans, for properties including 7157 South Crandon Avenue, 6350 North Magnolia Unit 1, 400 E. Randolph Street #820 & 920, 1232 West Hood Avenue Unit #1, and 3355 South Prairie Avenue in Chicago, Illinois.

6.     It was further part of the scheme that defendants HAKEEM RASHID, KAREEM BROUGHTON, ELISE DIXON, and SOPHIA YOUSSEF, and others, prepared and submitted, and caused to be prepared and submitted, mortgage loan applications to lenders that defendants knew contained materially false and fraudulent representations about buyers' qualifications, including false statements about the buyers' income, assets, liabilities, employment, financial condition, source of down payment, rental history, and intention to occupy the property.

7.     It was further part of the scheme that defendants HAKEEM RASHID, KAREEM BROUGHTON, ELISE DIXON, and SOPHIA YOUSSEF, and others, created

7.     It was further part of the scheme that defendants HAKEEM RASHID, KAREEM BROUGHTON, ELISE DIXON, and SOPHIA YOUSSEF, and others, created and submitted, and caused others to create and submit, other false documents that supported the false statements in loan applications, including false W-2 Wage and Tax Statements ("W-2s"), false bank statements, false verifications of employment ("VOEs"), false verifications of rent ("VORs"), and false leases to support the false statements in loan applications, knowing that these documents contained materially false and fraudulent information used to qualify buyers for mortgage loans.

8.     It was further part of the scheme that defendants HAKEEM RASHID, KAREEM BROUGHTON, and ELISE DIXON, and others, prepared and submitted, and caused to be prepared and submitted, HUD-1 settlement statements to lenders that defendants knew contained materially false and fraudulent information, including false and fraudulent information about payments provided to: (a) defendant RASHID, the loan originator; (b) defendant DIXON, the buyer's real estate attorney; (c) defendant BROUGHTON, the owner of the mortgage brokerage company; and (d) the buyers of the properties.

9.     It was further part of the scheme that defendants HAKEEM RASHID, KAREEM BROUGHTON, ELISE DIXON, and SOPHIA YOUSSEF, and others, falsely represented, and caused others to falsely represent, to lenders attempting to verify employment for buyers seeking mortgage loans, that buyers were employed at certain

entities, including Beacon Hill Properties, R&B Management, and Company C, when defendants knew that the buyers were not employed at those entities.

10.    It was further part of the scheme that defendants HAKEEM RASHID, KAREEM BROUGHTON, ELISE DIXON, and SOPHIA YOUSSEF, and others, falsely represented, and caused others to falsely represent, to lenders attempting to verify rental history for buyers seeking mortgage loans, that buyers had paid rent for properties managed or owned by certain entities and individuals, including Beacon Hill Properties and defendant DIXON, when in fact defendants knew that the buyers did not pay rent to those entities or individuals.

11.    It was further part of the scheme that defendant KAREEM BROUGHTON, through 1st Regent, received payment in the form of mortgage brokerage fees on mortgage loans for buyers that defendant BROUGHTON knew were qualified based on materially false and fraudulent information submitted to lenders.

12.    It was further part of the scheme that defendant HAKEEM RASHID, through Company A and 1st Regent, received payment for originating mortgage loans for buyers that defendant RASHID knew were qualified based on materially false and fraudulent information submitted to lenders.

13.    It was further part of the scheme that defendant ELISE DIXON represented buyers and sellers at real estate closings, knowing that the buyers in the transactions were qualified based on materially false and fraudulent information submitted to lenders.

7

14.     It was further part of the scheme that defendant ELISE DIXON, in her own name or through Law Firm B, received payment at or near the time of closing of certain real estate transactions, knowing that the buyers in the transactions were qualified for mortgage loans based on materially false and fraudulent information submitted to lenders.

15.     It was further part of the scheme that defendant SOPHIA YOUSSEF received payment for processing mortgage loans through 1st Regent, knowing that she submitted materially false and fraudulent information to lenders in order to qualify buyers for the mortgage loans.

16.     It was further part of the scheme that defendants HAKEEM RASHID, KAREEM BROUGHTON, and ELISE DIXON, and others, knowingly concealed from lenders payments to various individuals, including defendants RASHID, BROUGHTON, and DIXON, by directing that those payments be made to entities that they controlled, including The Broughton Group, R&B Management, Hamaya Banco, and Law Firm B.

17.     It was further part of the scheme that defendants HAKEEM RASHID and KAREEM BROUGHTON, individually and through R&B Management, The Broughton Group, and Hamaya Banco, paid and caused to be paid buyers for purchasing properties, knowing that these payments had been concealed from lenders that made loans to the buyers.

18.     It was further part of the scheme that defendants HAKEEM RASHID and ELISE DIXON caused false documents, including HUD-1 settlement statements, to be submitted to lenders, knowing that the documents falsely stated that money was being held

8

by defendant DIXON or Law Firm B in an escrow account pursuant to a possession escrow agreement, when defendants RASHID and DIXON knew that the seller of the property did not remain in the property and no money was being held in escrow pursuant to a possession escrow agreement.

19.     It was further part of the scheme that defendant ELISE DIXON and Law Firm B, at the direction of defendant DIXON, paid money purportedly held in escrow pursuant to a possession escrow agreement to defendants DIXON and RASHID and Hamaya Banco, when defendant DIXON knew that the money paid was not paid pursuant to a possession escrow agreement and that the true nature of the payment had been concealed from lenders.

20.     It was further part of the scheme that defendants HAKEEM RASHID, KAREEM BROUGHTON, ELISE DIXON and SOPHIA YOUSSEF concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence of the scheme, the purposes of the scheme, and the acts done in furtherance of the scheme.

21.     On or about June 6, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

HAKEEM RASHID,
MARGUERITE ELISE DIXON-ROPER, aka ELISE DIXON, and
JADA ELAINE LUCAS, fka SOPHIA YOUSSEF,

defendants herein, for the purpose of executing the above-described scheme, knowingly deposited and caused to be deposited, to be sent and delivered by Federal Express, a

commercial interstate carrier, according to the direction thereon, an envelope containing original mortgage loan documentation from Alliance Corporation in Chicago, Illinois, addressed to First Franklin Financial Corp., 1051 Perimeter Drive, Suite #800, Schaumburg, IL 60173, relating to the purchase of a property located at 820 North Dearborn Street, Unit B, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT TWO

The SPECIAL JANUARY 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 20 of Count One are incorporated here.

2.      On or about June 7, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

HAKEEM RASHID,<br>
KAREEM BROUGHTON, and<br>
JADA ELAINE LUCAS, fka SOPHIA YOUSSEF,

defendants herein, for the purpose of executing the above-described scheme, knowingly deposited and caused to be deposited, to be sent and delivered by Federal Express, a commercial interstate carrier, according to the directions thereon, an envelope containing original mortgage loan documentation from First American Title in Chicago, Illinois, addressed to First Franklin Financial Corp., 1051 Perimeter Drive, Schaumburg, IL 60173, relating to the purchase of a property located at 1415 North Dearborn Street, Unit 3B, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT THREE

The SPECIAL JANUARY 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 20 of Count One are incorporated here.

2.      On or about July 19, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

HAKEEM RASHID,<br>
KAREEM BROUGHTON, and<br>
JADA ELAINE LUCAS, fka SOPHIA YOUSSEF,

defendants herein, for the purpose of executing the above-described scheme, knowingly deposited and caused to be deposited, to be sent and delivered by Federal Express, a commercial interstate carrier, according to the directions thereon, an envelope containing original mortgage loan documentation from City Wide Title Corporation in Chicago, Illinois, addressed to Saxon Mtg., 4840 Cox Road, Glen Allen, VA 23060, relating to the refinancing of a property located at 3355 South Prairie Avenue, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT FOUR

The SPECIAL JANUARY 2012 GRAND JURY further charges:

1.    Paragraphs 1 through 20 of Count One are incorporated here.

2.    On or about January 7, 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### HAKEEM RASHID,

defendant herein, for the purpose of executing the above-described scheme, knowingly deposited and caused to be deposited, to be sent and delivered by Federal Express, a commercial interstate carrier, according to the directions thereon, an envelope containing a payoff check in the amount of $282,106.97, addressed to CitiMortgage Payoff Dept., 4740 121st St., Urbandale, IA 50323-2402, for payment relating to the purchase of a property located at 333 W. Hubbard Street, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1341.

## COUNT FIVE

The SPECIAL JANUARY 2012 GRAND JURY further charges:

1.      Paragraph 1 of Count One is incorporated here.

2.      Beginning in or about 2005 and continuing through in or about May 2008, in the Northern District of Illinois, Eastern Division, and elsewhere,

HAKEEM RASHID,
KAREEM BROUGHTON,
MARGUERITE ELISE DIXON-ROPER, aka ELISE DIXON, and
JADA ELAINE LUCAS, fka SOPHIA YOUSSEF,

defendants herein, along with others known and unknown to the Grand Jury, knowingly executed and attempted to execute a scheme to defraud and to obtain money and funds owned by, and under the custody and control of a financial institution, by means of materially false and fraudulent pretenses, representations, and promises which scheme is further described below.

3.      Paragraphs 3 through 20 of Count One are incorporated here.

4.      On or about December 15, 2006, at Schaumburg, in the Northern District of Illinois, Eastern Division, and elsewhere,

HAKEEM RASHID, and
KAREEM BROUGHTON,

defendants herein, knowingly executed and attempted to execute the above-described scheme to defraud by causing Wells Fargo Bank N.A., a financial institution insured by the FDIC, to fund a mortgage loan in the amount of approximately $260,000 to Buyer D for the purchase of a property located at 211 North LaCrosse Avenue, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT SIX

The SPECIAL JANUARY 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 3 of Count Five are incorporated here.

2.      On or about January 2, 2007, at Schaumburg, in the Northern District of Illinois, Eastern Division, and elsewhere,

HAKEEM RASHID, and
KAREEM BROUGHTON,

defendants herein, knowingly executed and attempted to execute the above-described scheme to defraud by causing Washington Mutual Bank, a financial institution insured by the FDIC, to fund a mortgage loan in the amount of approximately $208,000 to Buyer D for the purchase of a property located at 213 North LaCrosse Avenue, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT SEVEN

The SPECIAL JANUARY 2012 GRAND JURY further charges:

1.     Paragraphs 1 through 3 of Count Five are incorporated here.

2.     On or about January 12, 2007, at Oak Lawn, in the Northern District of Illinois, Eastern Division, and elsewhere,

HAKEEM RASHID, and<br>
MARGUERITE ELISE DIXON-ROPER, aka ELISE DIXON,

defendants herein, knowingly executed and attempted to execute the above-described scheme to defraud by causing Wells Fargo Bank N.A., a financial institution insured by the FDIC, to fund a mortgage loan in the amount of approximately $332,500 to Buyer E for the purchase of a property located at 18612 Loras Court, Country Club Hills, Illinois;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT EIGHT

The SPECIAL JANUARY 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 3 of Count Five are incorporated here.

2.      On or about January 26, 2007, at Chicago, in the Northern District of

Illinois, Eastern Division, and elsewhere,

HAKEEM RASHID, and
MARGUERITE ELISE DIXON-ROPER, aka ELISE DIXON,

defendants herein, knowingly executed and attempted to execute the above-described scheme

to defraud by causing Wells Fargo Bank N.A., a financial institution insured by the FDIC,

to fund a mortgage loan in the amount of approximately $520,000 to defendant HAKEEM

RASHID for the purchase of a property located at 1232 West Hood Avenue, Unit #1,

Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT NINE

The SPECIAL JANUARY 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 3 of Count Five are incorporated here.

2.      On or about July 3, 2007, at Schaumburg, in the Northern District of Illinois, Eastern Division, and elsewhere,

HAKEEM RASHID,
KAREEM BROUGHTON, and
JADA ELAINE LUCAS, fka SOPHIA YOUSSEF,

defendants herein, knowingly executed and attempted to execute the above-described scheme to defraud by causing Wells Fargo Bank N.A., a financial institution insured by the FDIC, to fund a mortgage loan in the amount of approximately $216,000 to Buyer F for the purchase of a property located at 6527-29 South Minerva Avenue, Unit 1S, Chicago, Illinois;

In violation of Title 18, United States Code, Sections 1344 and 2.

## FORFEITURE ALLEGATION

The SPECIAL JANUARY 2012 GRAND JURY further alleges:

1.      The allegations of Counts One through Nine of this indictment are incorporated here for the purpose of alleging that certain property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461.

2.      As a result of their violations of Title 18, United States Code, Sections 1341 and 1344, as alleged in forgoing indictment,

HAKEEM RASHID,
KAREEM BROUGHTON,
MARGUERITE ELISE DIXON-ROPER, aka ELISE DIXON, and
JADA ELAINE LUCAS, fka SOPHIA YOUSSEF,

defendants herein, have subjected to forfeiture to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A) and Title 28, United States Code, Section 2461, any and all right, title, and interest they may have in any property, real and personal, constituting and derived from proceeds traceable to the charged offenses.

3.      The interests of the defendants subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), include, but are not limited to, approximately $16,218,050.

19

4.    If any of the property subject to forfeiture and described above, as a result of any act or omission of defendants:

        (a)    cannot be located upon the exercise of due diligence;

        (b)    has been transferred or sold to, or deposited with, a third party;

        (c)    has been placed beyond the jurisdiction of the Court;

        (d)    has been substantially diminished in value; or

        (e)    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A) and Title 28, United States Code, Section 2461.

A TRUE BILL:

_____

FOREPERSON

_____

UNITED STATES ATTORNEY